# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2025

Lyle W. Cayce
Clerk

No. 23-50506

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ZULEY JACZEL MELENDREZ-MACHADO,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-634-1

_____

Before STEWART, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

After a bench trial, the district court found Zuley Jaczel Melendrez-Machado guilty of unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Melendrez-Machado timely appeals, raising three constitutional challenges. Because our precedents foreclose his challenges, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50506

## I

Melendrez-Machado has three prior Texas convictions for felony theft. Tex. Penal Code §§ 31.03(e)(3), (e)(4)(D). For the first two felony thefts, Melendrez-Machado received concurrent terms of forty days imprisonment, and for the third he received two years imprisonment suspended for three years of probation.

While on felony state probation, he re-entered the United States from Mexico and, at a checkpoint, border patrol agents referred his vehicle to a secondary inspection for a search. Agents discovered a lockbox in the vehicle with a nine-millimeter, semi-automatic pistol and two loaded, nine-millimeter magazines. A grand jury indicted him for unlawfully possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Melendrez-Machado moved to dismiss the indictment, arguing that § 922(g)(1) violates the Second Amendment both facially and as applied to him. The district court denied the motion and after a bench trial, found Melendrez-Machado guilty. Melendrez-Machado timely appeals.

## II

Melendrez-Machado raises three constitutional challenges on appeal: (1) whether § 922(g)(1) is facially unconstitutional; (2) whether § 922(g)(1) is unconstitutional as applied to him; and (3) whether § 922(g)(1) exceeds Congress' powers under the Commerce Clause.

Our review of the first two challenges is de novo, as he preserved both his facial and as-applied challenges to § 922(g)(1) by raising both in his motion to dismiss the indictment and again at trial. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014) (citing *United States v. Clark*, 582 F.3d 607, 612 (5th Cir. 2009)). As Melendrez-Machado acknowledges, his Commerce Clause argument is raised for the first time on appeal and is

2

subject to plain error review. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Regardless, all three challenges are foreclosed by our precedent. *United States v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2024), *petition for cert. filed*, (Feb. 18, 2025) (No. 24-6625), (foreclosing post-*Bruen*[1] Second Amendment facial challenges to § 922(g)(1)); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (foreclosing an identical Commerce Clause challenge to § 922(g)(1)). On the as-applied Second Amendment challenge specifically, our court recently held that "the Constitution allows the [G]overnment to disarm individuals who are carrying out criminal sentences." *United States v. Giglio*, 126 F.4th 1039, 1043 (5th Cir. 2025); *see also United States v. Contreras*, 125 F.4th 725, 732–33 (5th Cir. 2025) (holding that "we have a history and tradition of punishing felons quite harshly, including taking away their weapons while they complete their sentence"). As explained in *Giglio*, "disarmament was a typical condition of all manner of sentences," and this historical "tradition is a match for both the 'why' and the 'how' of disarming felons who are still serving out sentences." 126 F.4th at 1044 (first citing *Contreras*, 125 F.4th at 732–33; and then citing *Rahimi*, 602 U.S. at 692). In so deciding, we joined the Third and Sixth Circuits in holding that § 922(g)(1) is constitutional when applied to a defendant who is still completing a criminal sentence. *United States v. Moore*, 111 F.4th 266, 269–70 (3d Cir. 2024); *United States v. Goins*, 118 F.4th 794, 801–02 (6th Cir. 2024). Because Melendrez-Machado was still serving a criminal sentence for his state-law felony theft conviction—probation—when he unlawfully possessed a firearm, § 922(g)(1) is constitutional as applied to him.[2]

---

[1] *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

[2] Additionally, *Diaz* recognized the historical tradition of severely punishing those convicted of theft. 116 F.4th at 469–70. Although the predicate offense in *Diaz* was car

No. 23-50506

### III

For the foregoing reasons, we AFFIRM the district court's judgment of conviction.

---

theft, as opposed to felony theft, *Diaz* further supports that § 922(g)(1) is constitutional as applied to Melendrez-Machado.